UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT EUGENE ALLEN,          )<br>                                                         )<br>                    Petitioner,          )<br>                                                         )<br>vs.                                                 )<br>                                                         )<br>JAMES BENEDETTI, *et al.*,       )<br>                                                         )<br>                    Respondents.     )<br>_____ / | 3:07-cv-00449-LRH-WGC<br><br>**ORDER** |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding with representation of counsel. Before the court is respondents' motion to dismiss. (ECF No. 42.) Petitioner has opposed the motion to dismiss (ECF No. 47), and respondents have replied (ECF No. 48).

**I.     Procedural History and Background**

On October 10, 2003, the State of Nevada filed an information in the Eighth Judicial District Court for the State of the Nevada ("District Court") charging petitioner, Robert Eugene Allen, with one count of murder with use of a deadly weapon. (Exhibits to First Am. Pet. Ex. 5.)[1] After a jury trial, the jury found petitioner guilty of first-degree murder with use of a deadly weapon. (*Id*. Ex. 21.) The District Court entered its judgment of conviction on August 25, 2005, and sentenced petitioner to life with the possibility of parole, plus an equal and consecutive term of life with the

---

[1] The exhibits referenced in this order are found in the court's record at ECF Nos. 28-31 and 40, which were filed in support of petitioner's first amended petition.

possibility of parole for use of a deadly weapon. (*Id*. Ex. 23.) Petitioner appealed. (*Id*. Ex. 24.) On January 9, 2007, the Nevada Supreme Court affirmed petitioner's convictions. (*Id*. Ex. 38.)

On September 21, 2007, petitioner, appearing *pro se*, dispatched his federal petition for writ of habeas corpus to this court. (ECF No. 8.) On June 25, 2008, the court appointed counsel to represent petitioner. (ECF No. 23.) Through counsel, petitioner filed a first amended petition on February 2, 2009. (ECF No. 27.) After the parties filed a stipulation to stay the proceedings (ECF No. 33), the court stayed this case on February 10, 2009, to permit petitioner to exhaust his unexhausted claims in state court (ECF No. 35).

On March 6, 2009, petitioner filed a post-conviction petition in District Court. (Exhibits to First Am. Pet. Ex. 50.) Petitioner acknowledged that his post-conviction petition was filed more than one year after the resolution of his direct appeal but argued that he was unable to timely file the petition because he could not obtain the trial transcripts for his file, despite his diligent efforts. (*Id*. Ex. 50 at 8-9.) At a hearing held May 7, 2009, at which neither defendant nor his counsel were present, the District Court noted that the petition appeared untimely and asked counsel for the state if he knew of any excuse for the untimely filing of the petition. (*Id*. Ex. 53.) Counsel for the state stated that he did not have that information but that counsel for petitioner may be able to answer the question. (*Id*.) Counsel for the state also informed the District Court that petitioner's counsel had requested an extension of time to respond to the state's argument that the petition was untimely, and that the state did not oppose the extension. (*Id*.) Nonetheless, the District Court dismissed the petition as untimely at the May 7, 2009 hearing, relying on the assumption that petitioner possessed his trial transcripts in September 2007 and could have timely filed his state post-conviction petition because he was able to file his federal habeas petition during that time period. (*Id*.) The District Court entered its findings of fact, conclusions of law, and order on May 21, 2009. (*Id*. Ex. 54.) The findings of fact, conclusions of law, and order were prepared by the state. (*Id*.) Petitioner asserts that neither he nor his counsel reviewed the state-prepared order prior to its entry.

Petitioner asserts that before the May 7, 2009 hearing, the state stipulated to continue the matter to allow him time to respond to the motion to dismiss. According to petitioner, the state court

clerk informed him that the stipulation, which was submitted more than two weeks before the hearing, did not reach the judge. On June 2, 2009, petitioner moved the District Court to reconsider its dismissal of his post-conviction petition. (*Id*. Ex. 55.) At a hearing held June 4, 2009, with both the counsel for the state and counsel for petitioner present, petitioner argued that the court's dismissal order relied on an incorrect factual assumption—that petitioner had his transcripts in September 2007 when he filed his federal petition. (*Id*. Ex. 57.) Petitioner asserted that his federal petition was a bare filing in which he actually stated that he did not have his file and did not fully understand what he was doing. (*Id*.) Because of the factual issue of what, if any, files petitioner possessed during the year after his appeal concluded, petitioner requested that the court vacate its dismissal order and hold an evidentiary hearing. (*Id*.) The District Court noted that whether the trial transcripts were available to petitioner is "an important aspect" of the case and took the matter under further review. (*Id*.)

At a hearing held June 24, 2009, with both counsel for the state and counsel for petitioner present, the following exchange occurred:

> THE COURT: We need [petitioner's state appellate counsel] here, don't we, to tell us whether or not he sent his file?
>
> [PETITIONER'S COUNSEL]: That's the proposal I am making here. I think at the very least this is a situation where there's a disputed issue of fact here as to whether or not he received the file. I suggest that we need to have –
>
> THE COURT: I'm sorry to interrupt, I'm kind of rushed this morning. I don't mean to be discourteous to you, sir. Let's just set a date for [petitioner's state appellate counsel] to be here and we'll ask him. Fair enough?
>
> [STATE'S COUNSEL]: I don't know whose [sic] supposed to be here. Are we going to subpoena him?
>
> THE COURT: We will get him here. We'll find out, let's make a note.
>
> [STATE'S COUNSEL]: Does the court want – Leon Simon did the responses on this. Leon Simon at this time is writing the responses on all these cases.
>
> THE COURT: Well, we don't have a factual issue right now. Once we resolve that and we go forward if – my position offhand, and this is not a ruling, it's just my impression at this time that if the [petitioner] had the

transcript, then he loses his argument that the untimely filing of the writ because he didn't have a transcript.

Now, a lesser, of course, a degree of that is, was there one available and he didn't take steps to get it? Or did he ask for it and [petitioner's state appellate counsel] didn't get it to him? There's all kinds of variations on this.

So that's the issue as I see it right now. And that's not to say we won't hear from Mr. Simon or whomever, ultimately. Say two weeks or so?

[PETITIONER'S COUNSEL]: Judge, there's two points I guess that need to be addressed. One is, there's already an order that's been entered by this Court that's dismissing the petition. So if the Court is going to schedule a further hearing on this, I'd ask the Court to set aside that order, at least until we have the hearing.

THE COURT: You're assuming you're going to prevail.

[PETITIONER'S COUNSEL]: Well, the issue would be, I mean, the order was cited about a month ago, so I would need to appeal that order within the next several days.

THE COURT: Go ahead and appeal it. Two weeks for the hearing. And remind me we're going to have [petitioner's state appellate counsel] here, we're going to locate him.

[PETITIONER'S COUNSEL]: I guess if I could just address one other issue, Your Honor? If we're going to have a hearing with [petitioner's state appellate counsel], that would be an evidentiary hearing?

THE COURT: Well, he's going to be an officer of the Court and he's going to tell us whether he sent his file or not, and did it contain the transcripts and things of that nature.

[PETITIONER'S COUNSEL]: Well, I think this may be a situation, I don't know what [petitioner's state appellate counsel] is going to say. But if he says that he sent the file to [petitioner], [petitioner] disagrees with that. He says he never received his file.

THE COURT: I understand.

[PETITIONER'S COUNSEL]: So I think we would need to have a hearing here where the Court would need to –

THE COURT: Well, I think the mailbox rule may come into play at some point. We'll have to find out what the status of it is. Maybe he said he didn't find it, didn't send it over. We don't know.

THE CLERK: July 8th, 9 a.m.

THE COURT: Let's meet again July 8th. It will appear as it does on calendar here today. Thank you.

(*Id*. Ex. 58.)

On June 25, 2010, petitioner appealed the order dismissing his post-conviction petition to the Nevada Supreme Court. (*Id*. Ex. 59.) On July 2, 2009, petitioner filed an emergency motion for a stay and for an order directing remand with the Nevada Supreme Court. (*Id*. Ex. 60.) Petitioner moved for a stay of the District Court's dismissal order and remand for an evidentiary hearing to resolve factual issues. (*Id*.) On July 6, 2009, the Nevada Supreme Court denied the motion. (*Id*. Ex. 61.) The Nevada Supreme Court reasoned that petitioner's timely notice of appeal divested the District Court of jurisdiction to alter or modify its decision. The Nevada Supreme Court stated:

> Under the circumstances, an order from this court staying the district court's final order resolving the petition would have no practical effect as the barrier to the district court's further action on the petition is that the district court was divested of jurisdiction by the timely filing of a notice of appeal. And appellant's arguments supporting a remand for an evidentiary hearing go to the merits of this pending appeal–whether the district court erred in some manner that warrants reversal when it denied the post-conviction petition. We prefer to leave the merits of this appeal to be addressed through appropriate briefing under NRAP 31(a)(1) rather than motion practice. Accordingly, appellant's motion for stay of the district court's order and for a remand for an evidentiary hearing is denied.

(*Id*.) On September 9, 2010, the Nevada Supreme Court affirmed the District Court's dismissal of the post-conviction petition. (*Id*. Ex. 67.)

On August 9, 2011, this court reopened the instant action. (ECF No. 39.) Respondents move to dismiss several grounds in the first amended petition as procedurally defaulted.

**II.     Discussion**

Respondents contend that grounds 3, 4, 5, 6 and 7 of the first amended petition are procedurally defaulted. Respondents argue that the Nevada Supreme Court held that these grounds were barred by Nev. Rev. Stat. § 34.726 as untimely.

Petitioner argues that he can show cause and prejudice to overcome any procedural bar and that the Nevada Supreme Court's determination that he could not show cause under state law is not an adequate procedural bar.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court

5

regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner fails to show cause, the court need not consider whether the petitioner

suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

Here, in light of the irregularities concerning the dismissal of petitioner's post-conviction petition in state court, the court defers ruling on the procedural default of petitioner's claims and orders the parties to brief all grounds asserted in the first amended petition on the merits. Although a procedural bar issue in a habeas corpus proceeding ordinarily should be considered first, the procedural default doctrine is grounded in concerns of comity and federalism and is not jurisdictional. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991); *see also Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997). Thus, the court may bypass the procedural default issue in the interest of judicial economy whenever the merits are clear but the procedural default issues are not. *See Lambrix*, 520 U.S. at 525 ("We do not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be. Judicial economy might counsel giving [the merits of a petition] priority, for example, if it were easily resolvable against the habeas petition, whereas the procedural bar issue involved complicated issues of state law."); *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002)("Procedural bar issues are not infrequently more complex than the merits issues presented by the [habeas petition], so it may well make sense in some instances to proceed to the merits if the result will be the same."). In this case, the parties have not yet briefed the merits of the petition. Because of the complexity of the procedural-default issue in this case, and in the interest of justice and judicial economy, the court exercises its discretion and orders the parties to address the merits of the petition before it resolves the procedural default of grounds 3-7. The court will deny respondents' motion to dismiss without prejudice. The parties shall include argument concerning the procedural default of grounds 3-7 in their answer and reply.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 42) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from the date of entry of this order within which to answer the petition.

7

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45) days** after service of the answer to file and serve a reply.

DATED this 13th day of September, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE